IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THE BANK OF NEW YORK MELLON, AS TRUSTEE FOR CIT HOME EQUITY LOAN TRUST 2003-1, | § § § § § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | Civil Action No. **3:19-CV-759-L** |
| DOUGLAS COUCHRAN; CELESTE COUCHRAN; and/or ALL OCCUPANTS OF 6221 Aspen Estates Drive, Sachse, Texas, 75048, | | |
| Defendants. | | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Motion to Remand Proceeding (Doc. 5), filed April 8, 2019. No response to the motion was filed by Defendants. For the reasons herein explained, the court **grants** Plaintiff's Motion to Remand Proceeding (Doc. 5) and **remands** this action to County Court at Law No. 3, Dallas County, Texas, from which it was removed.

**I.    Standard for Subject Matter Jurisdiction**

A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," or over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994) (citations omitted); *Home Builders Ass'n of Miss., Inc. v. City*

*of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.*; *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). A federal court must presume that an action lies outside its limited jurisdiction, and the burden of establishing that the court has subject matter jurisdiction to entertain an action rests with the party asserting jurisdiction. *Kokkonen*, 511 U.S. at 377 (citations omitted). "[S]ubject-matter jurisdiction cannot be created by waiver or consent." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001).

Federal courts may also exercise subject matter jurisdiction over a civil action removed from a state court. Unless Congress provides otherwise, a "civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) (A "federal court may raise subject matter jurisdiction *sua sponte*.") (citation omitted).

Whether an action "arises under" federal law and creates federal question jurisdiction over a case removed from state to federal court, or one originally filed in such court, ordinarily "must be determined by reference to the 'well-pleaded complaint.'" *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (citation omitted). "[A] case may *not* be removed to federal court on the

basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar Inc. v. Williams,* 482 U.S. 386, 393 (1987). "A defense that raises a federal question is inadequate to confer federal jurisdiction." *Thompson*, 478 U.S. at 808 (citation omitted). "Even an inevitable federal defense does not provide a basis for removal jurisdiction." *Bernhard*, 523 F.3d at 551 (citations omitted). In other words, the *complaint* must "raise[] issues of federal law sufficient to support federal question jurisdiction." *Rodriguez v. Pacificare of Tex., Inc.*, 980 F.2d 1014, 1017 (5th Cir. 1993) (citation omitted).

Diversity of citizenship exists between the parties only if each plaintiff has a different citizenship from each defendant. *Getty Oil Corp. v. Insurance Co. of N. Am.*, 841 F.2d 1254, 1258 (5th Cir. 1988). Otherwise stated, 28 U.S.C. § 1332 requires complete diversity of citizenship; that is, a district court cannot exercise jurisdiction if any plaintiff shares the same citizenship as any defendant. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citation omitted). "[T]he basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty*, 841 F.2d at 1259 (citing *Illinois Cent. Gulf R.R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 n.2 (5th Cir. 1983)). Failure to allege adequately the basis of diversity mandates remand or dismissal of the action. *See Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991). A notice of removal "must allege diversity both at the time of the filing of the suit in state court and at the time of removal." *In re Allstate Ins. Co.*, 8 F.3d 219, 221 (5th Cir. 1993) (quotation marks and citations omitted).

A natural person is considered a citizen of the state where he or she is domiciled, that is, where the person has a fixed residence with the intent to remain there indefinitely. *See Freeman v.*

*Northwest Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985). "'Citizenship' and 'residence' are not synonymous." *Parker v. Overman*, 59 U.S. 137, 141 (1855). "For diversity purposes, citizenship means domicile; mere residence in [a] [s]tate is not sufficient." *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 799 (5th Cir. 2007) (citation and quotation marks omitted). "Domicile requires residence in [a] state and an intent to remain in the state." *Id.* at 798 (citing *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989)). A national bank, for diversity purposes, "is a citizen of the State in which its main office, as set forth in its articles of association, is located." *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 307 (2006).

For diversity purposes, the amount in controversy normally is determined by the amount sought on the face of the plaintiff's pleadings, so long as the plaintiff's claim is made in good faith. 28 U.S.C. § 1446(c)(2); *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014) (citation omitted); *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). Removal is thus proper if it is "facially apparent" from the complaint that the claim or claims asserted exceed the jurisdictional amount. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.), *reh'g denied*, 70 F.3d 26 (5th Cir. 1995). "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart*, 135 S. Ct. at 554. Further, "[e]vidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.* In a removed case, when the complaint does not state a specific amount of damages and the allegations are challenged by the plaintiff or questioned by the court, the defendant must establish by a preponderance of the evidence that "the amount in controversy exceeds the [$75,000] jurisdictional amount." *St. Paul Reinsurance*, 134 F.3d

at 1253. In such cases, "[t]he preponderance burden forces the defendant to do more than point to a state law that might allow the plaintiff to recover more than what is pled. The defendant must produce evidence that establishes that the actual amount of the claim will exceed [the jurisdictional amount]." *De Aguilar*, 47 F.3d at 1412 (footnotes omitted). If a defendant fails to establish the requisite jurisdictional amount, the court must remand the case to state court. If a defendant establishes that the jurisdictional amount has been met, remand is appropriate only if a plaintiff can establish "to a legal certainty" that his recovery will not exceed the jurisdictional threshold. *In re 1994 Exxon Chemical Fire*, 558 F.3d 378, 387-88 (5th Cir. 2009).

Any doubts as to the propriety of the removal should be construed strictly in favor of remand. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." *St. Paul Reinsurance*, 134 F.3d at 1253 (footnote omitted). Accordingly, if a case is removed to federal court, the defendant has the burden of establishing subject matter jurisdiction.

## II. Discussion

Plaintiff maintains that Defendants removed this forcible detainer action for the improper purpose of delaying the lawful eviction proceedings for the Property. Plaintiff contends that the court should remand this action because Defendants have failed to establish that the court has subject matter jurisdiction over this action, and removal of the action violates the rule against allowing removal of actions by an in-state defendant, as Defendants are citizens of the state in which this action was brought. Regarding subject matter jurisdiction, Plaintiff asserts that Defendants have failed to identify any federal question in the state action brought by Plaintiff or establish that the amount in controversy exceeds $75,000 as required for subject matter jurisdiction based on diversity

of citizenship. The court agrees that it lacks subject matter jurisdiction over this action. It, therefore, focuses on this issue.

The Notice of Removal alleges that Plaintiff The Bank of New York Mellon, as Trustee for Cit Home Equity Loan Trust 2003-1 ("Plaintiff") "has violated various federal laws and the amount in controversy exceeds the jurisdictional minimum[] of $75,000[,] as [D]efendant is requesting $500,000 in damages for civil rights violations because many conspirators in the foreclosure and eviction proceedings are government employees, many are federal government employees, in conjunction with The Bank of New York Mellon." Defs.' Notice of Removal 1-2. A copy of the petition filed by Plaintiff in the state court action was not included in the removal papers filed in this case but was included as an exhibit to Plaintiff's Motion to Remand. As this document was filed in County Court at Law Case No. CC-19-01018-C[*] and is a matter of public record, the court can also take judicial notice of it. *Firefighters' Ret. Sys. v. Grant Thornton, L.L.P.*, 894 F.3d 665, 675 n.52 (5th Cir. 2018) (taking judicial notice of a petition that was a matter of public record and citing *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007)).

According to Plaintiff's First Amended Petition for Forcible Detainer, which was filed February 26, 2019, in County Court at Law No. 3, Dallas County, Texas, Plaintiff initiated a forcible detainer action after the property located at 6221 Aspen Estates Drive, Sachse, Texas, 75048 ("Property") was foreclosed on, and Defendants refused to vacate the Property despite being provided notice and demand in accordance with the Texas Property Code. The Notice of Removal states that Sarah Bucklew ("Bucklew"), as the sole beneficiary by inheritance to the Property,

---

[*] The Notice of Removal mistakenly indicates that the state court case number is CC-19-010118-C.

represents the interests of her parents Defendants Douglas and Celeste Cochran, who died in 2012 and 2013. Bucklew indicates in the Notice of Removal that, in addition to "representing the party as the Defendant Douglas Cochran[] at the moment," she also "intends to file a complaint" against Plaintiff and others, "including state actors, both state and federal" to establish her right to continue to occupy the Property as a result of alleged violations of federal law in the foreclosure and eviction proceedings. Defs.' Notice of Removal 3.

In this regard, Bucklew asserts in her Notice of Removal that she intends to bring an action against Plaintiff and others to assert violations of the Real Estate Settlement Procedure Act or "RESPA" and "HUD" and other crimes committed in connection with the foreclosure and eviction proceedings, and that such claims support federal question jurisdiction. In addition, Bucklew asserts that federal question jurisdiction exists because she has a breach of contract claim for which she is seeking $500,000, and removal is proper under 42 U.S.C. §§ 1983 and 1985(3) for violations of federal law in connection with the foreclosure and forcible detainer suit.

As noted, a case may not be removed to federal court based on a federal defense or anticipated federal claim by a defendant; rather, the plaintiff's pleadings in the removed action must raise an issue of federal law. Thus, Bucklew's anticipated claims or defenses against Plaintiff or others cannot form the basis for subject matter jurisdiction based on a federal question. Moreover, it is clear from the First Amended Petition for Forcible Detainer, as well as the Notice of Removal, that the state court action initiated by Plaintiff involves only a state claim for forcible detainer, which does not expressly or impliedly implicate any federal or constitutional issue. Accordingly, the court lacks jurisdiction over the removed action based on a federal question.

Bucklew does not appear to assert that jurisdiction based on diversity of citizenship exists, although she does allege that the minimum amount in controversy is satisfied in arguing that federal question jurisdiction exists under section 1331. In any event, the parties' citizenship is not clear from the Notice of Removal or the First Amended Petition for Forcible Detainer. Even assuming that there is complete diversity of citizenship, the court concludes that it lacks jurisdiction based on diversity of citizenship because the amount in controversy requirement has not been satisfied.

The amount in controversy in this case is not the value of any defenses or claims Bucklew intends to assert against Plaintiff or others such as a breach of contract claim for $500,000. As explained, the amount in controversy pertains to the claims and relief sought by the plaintiff in the removed action. In this case, Plaintiff brought a forcible detainer action to have Bucklew and all occupants removed from the Property. In a forcible detainer action, the amount in controversy is the value of the right to occupy or immediate possession of the property. *See, e.g., Wells Fargo Bank NA v. Carson*, 3:11-CV-00963-M(BF), 2012 WL 3454142, at *2 (N.D. Tex. July 23, 2012), *report accepted by* 2012 WL 3518029 (N.D. Tex. Aug. 15, 2012); *Wells Fargo Bank, N.A. v. Santana*, No. 3:10-CV-923-B, 2010 WL 5313734, at *2 (N.D. Tex. Dec. 20, 2010); *Wells Fargo Bank v. Jones*, No. 3:10-CV-758-L, 2010 WL 3304240, at *5 (N.D. Tex. Aug. 19, 2010); *BAC Home Loans Servicing, LP v. Pace*, No. 3:10-CV-1038–K, 2010 WL 3447153, at *3 (N.D. Tex. Aug. 31, 2010). In other words, because Bucklew and any other occupants of the Property are tenants in sufferance under Chapter 24 of the Texas Property Code, the only question regarding the amount in controversy is the value of Plaintiff's right to immediate possession or occupancy of the Property, not the Property's fair market value or the value of any anticipated defenses or claims by Bucklew. Thus, Bucklew's allegations regarding her $500,000 breach of contract claim are insufficient for purposes

of satisfying the amount in controversy. Bucklew has, therefore, failed to meet her burden of establishing subject matter jurisdiction based on either diversity or federal question jurisdiction, and remand is mandated. *See Stafford*, 945 F.2d at 805.

## III. Conclusion

For the reasons explained, the court lacks subject matter jurisdiction over this action. The court, therefore, **grants** Plaintiff's Motion to Remand Proceeding (Doc. 5) and **remands** this action to County Court at Law No. 3, Dallas County, Texas, from which it was removed. The clerk of the court **shall** effect the remand in accordance with the usual procedure and term all pending motions.

**It is so ordered** this 30th day of April, 2019.

Sam A. Lindsay
United States District Judge